```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                              2:10-cr-66-FtM-29SPC

JOHN L. YATES
_____

## OPINION AND ORDER

This matter comes before the Court on defendant's motion for judgment of acquittal at the end of the government's case-in-chief on day three of the jury trial.  (Doc. #99.)  The Court took the motion under advisement pursuant to Fed. R. Crim. P. 29(b) as to Count Two of the Indictment.  (Id.)  For the reasons set forth below, the motion is denied.

Count Two of the Indictment (Doc. #3) charges that on or about August 24, 2007, defendant "did knowingly destroy, conceal, and cover up undersized fish with the intent to impede, obstruct, and influence the investigation and proper administration of the catching of red grouper under the legal minimum size limit, a matter within the jurisdiction of the National Marine Fisheries Service, an agency of the United States," in violation of 18 U.S.C. §§ 1519 and 2.  Defendant's motion of judgment of acquittal asserted that this statute is a records-keeping statute aimed solely at destruction of records and documents, and could not be

applied to a situation, as here, where it was fish which were destroyed.

Title 18 U.S.C. § 1519 provides in relevant part that "[w]hoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States ..., shall be" in violation of the statute.  As pertinent to this case, § 1519 penalizes one who "knowingly . . . destroys, . . . conceals, [or] covers up, . . . any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States." 18 U.S.C. § 1519.  The Eleventh Circuit has stated that while § 1519 was passed as part of the Sarbanes-Oxley Act, which was targeted at corporate fraud and executive malfeasance, the broad language of § 1519 is not limited to corporate fraud cases, and "Congress is free to pass laws with language covering areas well beyond the particular crisis *du jour* that initially prompted legislative action."  <u>United States v. Hunt</u>, 526 F.3d 739, 744 (11th Cir. 2008). Courts have construed the "tangible object" provision to be an independent term which is not simply redundant of "record" or "document."  <u>United States v. Atl. States Cast Iron Pipe Co.</u>, 612

F. Supp. 2d 453, 539-40 (D.N.J. 2009); United States v. Russell, 639 F. Supp. 2d 226, 238 (D. Conn. 2007)(citing cases), overruled on other grounds by, United States v. Gray, 642 F.3d 371, 378 n.5 (2d Cir. 2011). Given the nature of the matters within the jurisdiction of the government agency involved in this case, and the broad language of § 1519, the Court finds that a reasonable jury could determine that a person who throws or causes to be thrown fish overboard in the circumstances of this case is in violation of § 1519.

Accordingly, it is now

**ORDERED**:

Defendant's motion for judgment of acquittal under Fed. R. Crim. P. 29 made at the conclusion of the government's case in chief as to Count Two is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of August, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record